THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD L. AITKINS, <br><br> Defendant. | CASE NO. C11-0363-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's motion to remand or alternatively to dismiss (Dkt. No. 5) and Defendant's motion for a continuance (Dkt. No. 9). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby grants Plaintiff's motion to remand and strikes as moot Defendant's motion for a continuance for the reasons explained herein.

**I.    BACKGROUND**

Defendant Richard L. Aitkins executed a fixed rate loan note payable to Plaintiff Wells Fargo Bank, N.A. on May 13, 2005. (*See* Dkt. No. 6 at 26.) Defendant defaulted on the loan note, and Plaintiff brought the present action to recover under the note in King County Superior Court on June 23, 2010. (*See id.* at 10.) Plaintiff served Defendant with the summons and complaint on July 20, 2010. (*See id.* at 16.)

Defendant failed to appear or answer Plaintiff's complaint. (*Id.* at 17.) Accordingly, on

November 3, 2010, the King County Superior Court entered an order of default and a default judgment of $222,643.05 against Defendant. (*Id.* at 21–22.) On February 3, 2011, the Superior Court ordered a writ of garnishment directed to Defendant's employer. (Dkt. No. 5 at 2.)

On March 2, 2011, Defendant, appearing *pro se*, filed a notice of removal to this Court. (*See* Dkt. No. 1.) The notice inaccurately states that Plaintiff's summons and complaint were filed with the King County Superior Court and served on Defendant on February 3, 2011. (Dkt. No. 1 at 2.) Defendant's notice of removal states diversity of citizenship as its basis for federal court jurisdiction, stating that Plaintiff's principal place of business is in California while Defendant is a resident of Washington. (*Id.* at 2–3.)

Plaintiff moves to remand the case to King County Superior Court. (*See* Dkt. No. 5.) Defendant moves for a thirty-day continuance of the status conference scheduled for May 24, 2011, so that Defendant may obtain legal counsel prior to the status conference. (*See* Dkt. No. 9.)

## II. DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff moves to remand this action pursuant to 28 U.S.C. § 1446(b), claiming that Defendant's notice of removal was untimely. Section 1446(b) provides that a notice of removal must be filed within thirty days "after receipt by the defendant, through service or otherwise," of a copy of the complaint. 28 U.S.C. § 1446(b). A timely objection to a late notice of removal will defeat removal. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *see also Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989).

Contrary to Defendant's statements in his notice of removal, Plaintiff served Defendant with a copy of its complaint on July 20, 2010. (Dkt. No. 6 at 16.) Thus, Defendant had thirty days from July 20, 2010 to file a notice of removal. However, Defendant did not file his notice of removal until March 2, 2011. (*See* Dkt. No. 1.) Defendant's notice of removal is untimely, and Plaintiff timely objected to Defendant's improper removal. Accordingly, the Court remands the

present action to the Superior Court of King County.[1]

### B. Defendant's Motion for a Continuance

On May 24, 2011, Defendant moved for a thirty-day continuance of the status conference scheduled for that day so that Defendant may obtain legal counsel prior to the status conference. (*See* Dkt. No. 9.) On May 18, 2011, the Court, on its own motion, rescheduled the status conference to July 6, 2011. (*See* Dkt. No. 8.) Thus, the Court strikes Defendant's motion as moot. Additionally, Defendant's motion is moot because the Court is remanding the present action to King County Superior Court and the status conference is no longer necessary.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand (Dkt. No. 5) and STRIKES as moot Defendant's motion to continue the status conference. (Dkt. No. 9).

DATED this 14th day of June.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also argues that the Court lacks subject matter jurisdiction, because diversity of citizenship does not exist between Plaintiff and Defendant. However, Plaintiff relies on an erroneous interpretation of 28 U.S.C. § 1348 to reach that conclusion. Section 1348 provides that national banks "shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the United States Supreme Court held that the word "located" means that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located," not a citizen of "every state in which it has established a branch." *Id.* at 307. Accordingly, Plaintiff is not a citizen of Washington simply because it has a branch in Washington. Since the parties have not briefed the Court on where Plaintiff's main office, as set forth in its articles of association, is located and since the Court is remanding the action regardless, the Court declines to conclude whether subject matter jurisdiction in this Court exists.

ORDER, C11-0363-JCC
PAGE - 3